**PRINTING INDUSTRIES OF ST. LOU-IS, INC., et al., Plaintiffs,**

v.

**ST. LOUIS BINDERY WOMEN'S LOCAL UNION NO. 55, Defendant.**

**No. 71 C 795(4).**

United States District Court, E. D. Missouri, E. D.

Aug. 31, 1972.

Stephen W. Skrainka, St. Louis, Mo., for plaintiffs.

Bruce S. Feldacker, St. Louis, Mo., for defendant.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court on the motion of the defendant, St. Louis Bindery Women's Local Union No. 55 (Local 55), for summary judgment on plaintiffs' complaint and on its own counterclaim pursuant to Rule 56, Federal Rules of Civil Procedure.

This action was initiated by a complaint filed on December 21, 1971, seeking a declaratory judgment, under 28 U.S.C. § 2201, that the provisions of the document described *infra* as Exhibit B of the complaint are valid and binding between the plaintiffs and the defendant. Defendant has filed an amended counterclaim seeking an order of the Court requiring plaintiffs to arbitrate certain employee grievances according to the terms and provisions of the collective bargaining agreement between the parties.

This matter came on for oral argument on July 28, 1972.

Plaintiffs have pleaded, and defendant admits in its answer, that plaintiff Printing Industries of St. Louis, Inc. (Industries), is a Missouri not-for-profit corporate organization of employer-members for whom this plaintiff negotiates various collective bargaining agree-

ments; that plaintiff Con P. Curran Printing Company (Curran) is a corporation duly organized and existing under the laws of the State of Missouri, is an employer in an industry affecting interstate commerce within the meaning of 29 U.S.C. § 152(3), (5), and (7), and is a member of Industries; that defendant is a labor organization as defined by 29 U.S.C. § 152(5) representing employees of the plaintiffs; and that Local 55 officers or agents are engaged in representing or acting for employee members in, and maintains its principal office in, this federal judicial district.

■ The issue presented by the complaint is whether or not the provisions in the document entitled "Interpretive Notes on Article Fourteen 'Job Security'" (Exhibit B of the complaint) are valid and enforceable as a part of the collective bargaining agreement between the parties. Plaintiffs plead that these "Interpretive Notes" construe and clarify Article 14 of a written collective bargaining agreement attached to the complaint as Exhibit A. By its own terms the Exhibit A agreement is in effect from year to year after December 31, 1971, unless a party thereto gives notice of a desire to terminate or to amend. The Court has not been advised that said agreement has been terminated or amended and considers it presently in effect as attached to the complaint. The Court concludes that it has subject matter jurisdiction under 29 U.S.C. § 185 to render a declaratory judgment on the validity of an alleged provision of an existing collective bargaining agreement. El Paso Building & Construction Trades Counsel v. El Paso Chapter Associated General Contractors of America, 376 F. 2d 797 (5th Cir. 1967).

■ The Counterclaim asserted by the defendant seeks an order requiring the plaintiffs to submit to the arbitration of certain grievances pursuant to the subject collective bargaining agreement. The Court has jurisdiction over the subject matter of the counterclaim.

Textile Workers v. Lincoln Mills, 353 U. S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); Local 198, United Rubber, Cork, Linoleum & Plastic Workers of America, AFL–CIO v. Interco, Inc., 415 F.2d 1208 (8th Cir. 1969).

By its motion for summary judgment the defendant seeks (a) a dismissal of plaintiffs' action and (b) the relief prayed in defendant's counterclaim.

"The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

By its answer to the amended counterclaim plaintiffs admit that they and defendant are parties to the collective bargaining agreement attached to the complaint as Exhibit A. This agreement in Article 7 "Grievance and Arbitration" provides in pertinent part as follows:

Section 1

Should *any difference* arise between the company and the Union as to the meaning, *interpretation* or application of the terms of this agreement relating to wages, hours or conditions of employment, such differences *shall* be settled in the following manner. (Emphasis added.)

\* \* \* \* \* \*

Section 2

The decision of the Arbitrator *shall* be *final and binding* upon the parties . . . . (Emphasis added.)

■ The national labor policy is one committed to the enforcement of arbitration provisions in collective bargaining agreements. *Textile Workers, supra*; United Steelworkers of America v. American Manufacturing Co., 363 U.S.

**342**

564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); Warrior & Gulf, *supra*.

█ It is clear that arbitration provisions in a collective bargaining agreement are to be given broad and liberal construction. Bonnot v. Congress of Independent Unions Local #14, 331 F.2d 355 (8th Cir. 1964).

██ The Court construes the scope of arbitrable issues in the subject agreement ("any difference . . . as to the meaning [and] interpretation . . . of the terms of this agreement . . . relating to wages, hours, or conditions of employment".) . . . to include (a) whether or not the provisions of the subject "Interpretive Notes" are valid and bind the parties, see United Engineering and Foundry Employees Assn. Indep. Union v. United Engineering and Foundry Co., 389 F.2d 479 (3rd Cir. 1967), and (b) the grievances which are the subject of defendant's counterclaim. Furthermore, the use of the word "shall" clearly renders arbitration of these issues mandatory.

Defendant, by the relief prayed for in its counterclaim, has established that it is ready and willing to arbitrate the subject grievances. The affidavit of Stephen W. Skrainka, attorney for plaintiffs, in opposition to the motion for summary judgment, plus other papers filed in this action, establish that a major issue to be resolved in the arbitration of the grievances which are the subjects of the instant amended counterclaim is whether or not the "Interpretive Notes" are valid and in effect.

It is regrettable that the earlier attempt at arbitration by the parties was rendered futile by the illness of the Arbitrator. Such being an eventuality not made a limitation on the arbitration requirement, this Court may not step in and take away from a party the forum to which it is contractually entitled. See American Manufacturing Co., *supra*, 363 U.S. at 569, 80 S.Ct. 1343.

Therefore, the Court will grant defendant's motion for summary judgment.