**INTERNATIONAL BROTHERHOOD OF POTTERY AND ALLIED WORKERS, LOCAL 380, AFL–CIO, and General Color and Chemical Company, Plaintiffs,**

v.

**Helen P. TOALSTON, and Ohio Civil Rights Commission, Defendants.**

**Civ. A. No. C 74–122 Y.**

United States District Court,
N. D. Ohio, E. D.

Aug. 20, 1974.

Joseph E. Finley, East Liverpool, Ohio, for plaintiffs.

Andrew J. Ruzicho, Asst. Atty. Gen., Civil Rights Section, Louis A. Jacobs, Columbus, Ohio, for defendants.

CONTIE, District Judge.

Defendant Ohio Civil Rights Commission (hereinafter OCRC) has moved the Court, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss this action. Upon consideration and for the reasons stated below this action is dismissed.

Defendant Toalston is a member of the Seventh Day Adventist Church and adheres to that church's tenet prohibiting the financial support of labor organizations. In 1972, Toalston was discharged from her employment at plaintiff General Color and Chemical Company's place of business because she refused to pay union dues.

Plaintiffs are parties to a collective bargaining contract containing a provision commonly referred to as a union security clause. Said clause requires that all employees of plaintiff General Color and Chemical Company (hereinafter Company), as a condition of employment, maintain membership in plaintiff International Brotherhood of Pottery and Allied Workers, Local 380 (hereinafter Union). Union membership requires payment of dues and initiation fees.

Defendant Toalston, pursuant to her belief in her church's tenet prohibiting financial support of labor unions, refused to join the Union. Although the Union was fully aware of Toalston's beliefs and could have waived the dues requirement in her case, it enforced the security clause and effected the discharge of Toalston.

Toalston thereupon filed a charge of religious discrimination with defendant OCRC. Upon an administrative hearing, the OCRC has determined that said discharge was in violation of Ohio's Anti-discrimination laws. * Pursuant to these findings, the OCRC has ordered that Toalston be reinstated to her job, be awarded monetary damages, and that she be excused from compliance with the union security clause of the plaintiffs' collective bargaining agreement.

To foreclose the possibility of judicial enforcement of the OCRC order, plaintiffs were required by Ohio Revised Code Section 4112.06(A) to seek judicial review in an Ohio state court. Therefore, plaintiffs instituted an action in the Court of Common Pleas for Stark County, Ohio, to set aside the OCRC order.

On the same day that plaintiffs filed the state action, the instant action was begun. Plaintiffs seek a declaratory judgment that the union security clause contained in their collective bargaining agreement is valid and an injunction against the defendants' further efforts

* Specifically, the Union was found to have violated ORC § 4112.02(C)(2); the Company was found to have violated ORC § 4112.02(A).

to enforce the OCRC order. Jurisdiction for this action is asserted to exist under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

OCRC asserts the following grounds in support of the motion to dismiss:

1) Section 301(a) of the Labor Management Relations Act does not provide jurisdiction in this case;

2) The Court should decline to exercise its jurisdiction in this case since there is pending in the State Court a parallel action affording plaintiffs' full and adequate relief.

Section 301(a), in pertinent part, provides:

"Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States."

Defendant OCRC urges that a violation or anticipated violation of a contract need be alleged for jurisdiction to exist under this section.

"But ever since Textile Workers Union v. Lincoln Mills of Ala., 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), it has been generally accepted that the scope of Sec. 301 is not restricted to suits for damages or specific enforcement . . . parties to a collective bargaining contract will be able to secure under Sec. 301 declarations of their rights under a contract by means of the declaratory judgement procedure." El Paso Bldg. & Const. Tr. Coun. v. El Paso Chap. Assoc. Gen. Con., 376 F.2d 797, 800 (5 Cir. 1967).

■ Plaintiffs are seeking a declaration of their rights and obligations under their contract. The Court therefore concludes that jurisdiction exists in this case. See El Paso Bldg. & Const. Tr. Coun. v. El Paso Chap. Assoc. Gen. Con., supra; Allied Oil Workers Union v. Ethyl Corp., 341 F.2d 47 (5 Cir. 1965);

Printing Industries of St. Louis, Inc. v. St. Louis Bindery Women's Local Union No. 55, 347 F.Supp. 339 (D.C.1972).

■ However, the law is well established that where there is pending in another court, an action between the same parties which will necessarily dispose of all issues between them, a court in the exercise of its discretion may refuse to act in the declaratory judgement action on the same issues. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S. Ct. 1173, 86 L.Ed. 1620 (1942); Aetna Casualty & Surety Co. v. Quarles, 92 F. 2d 321 (4 Cir. 1937); 6A Moore's Federal Practice Para. 57.08. This "discretion is properly exercised when it appears that because of the pendancy of another suit the suit for declaratory relief will serve no useful purpose". Carbide & Carbon C. Corp. v. United States I. Chemicals, 140 F.2d 47, 49 (4 Cir. 1944).

■ Upon review of the complaint in the related state action, the Court concludes: (1) that the material issues involved in this case are substantially identical to the issues involved in the pending state action; (2) that plaintiffs are parties to the state action and have an adequate opportunity to raise, and in fact have raised, in state court the issues present in this case; and (3) that disposition of the parallel state action would necessarily resolve the issues raised in this case.

Furthermore, there is nothing to indicate that the convenience of witnesses or anyone else would be served by the exercise by this Court of its jurisdiction. See Carbide & Carbon C. Corp. v. United States I. Chemicals, supra. In view of the foregoing, the Court finds that maintenance of this action will serve no useful purpose, but rather would result in needless multiplicity of action.

Defendants' motion is granted and the action is hereby dismissed.

It is so ordered.