By the Court.
 

 Cause No. 29049 will be considered first.
 

 In making the order distributing the 78,250 shares of stock as a dividend in the liquidation proceeding the Court of Common Pleas acted under Section 710-98, General Code, which in part reads:
 

 “As soon as practicable after the expiration of the date fixed for the presentation of claims, the Superin
 
 *32
 
 tendent of Banks may, ont of the funds remaining in his hands after the payment of expenses, declare one or more dividends. Each such dividend shall be paid to such persons and in such manner and amounts and upon such notice as may be directed by the Court of Common Pleas in which the proceedings for the liquidation of such bank are pending, or a judge thereof. ’ ’
 

 Does this section vest the Court of Common Pleas with a discretion ? By the very language employed the manner and the amounts to be paid are under the direction of the court. Then there was an interpretation of the statutes to he made. For example, Judge Fritch conducted a hearing upon the application for an order permitting payment of the dividend partly in cash and partly in stock, permitted evidence to be introduced, and necessarily passed upon the question whether the term “fund” included the shares of stock involved here now, holding that the terms of the statute were sufficiently broad to permit the distribution of such stock in kind. He had the matter before him and a decision was rendered. He could not decide without exercising discretion and this court cannot control the judicial discretion of an inferior tribunal. Section 12285, General Code. We can only conclude that to issue the writ as prayed for would be to control the discretion of a judge of the Court of Common Pleas in a matter properly before him.
 

 It is suggested, however, that relatrix was not a party to the liquidation proceeding in the Court of Common Pleas and so had no right to be heard and could not appeal.
 

 Notice was provided for in the statute and was given in that proceeding. What was its purpose? Evidently the purpose was to give creditors and depositors, holding participation certificates, an opportunity to come into court and be heard in opposition to the application. No other reason for the notice is apparent. Furthermore an order on such an application
 
 *33
 
 would, affect a substantial right and be final. The Constitution (Section 6, Article IY) empowers the Courts of Appeals to review judgments of inferior courts of record within the district, and “judgments” as used therein includes final orders. The manner and method of perfecting an appeal from the Court of Common Pleas to the Court of Appeals are prescribed by Section 12223-3
 
 et seq.,
 
 General Code. We cannot support relatrix’s contention that she and others similarly situated had no right to be heard and therefore no right of appeal.
 

 For the reasons given the demurrer must be sustained and a writ denied.
 

 In cause No. 29067, a writ of mandamus is sought to compel the Superintendent of Banks to distribute the 78,250 shares of stock as directed by'the Court of Common Pleas. That court has full power to enforce its own orders and there is no reason why this court should interfere. Under such circumstances there is a remedy in the ordinary course of law by proceedings in contempt in the lower court and a writ of mandamus will not lie. Therefore this demurrer must also be sustained and a writ denied.
 

 Writs denied.
 

 Weygandt, C. J., Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Turner, J., dissents in cause No. 29049 and concurs in cause No. 29067.
 

 Bettman, J., not participating.