LAUB, APPELLANT; CROUSE ET AL., APPELLEES, *v.* WILLS ET AL., APPELLEES.

(No. 3594—Decided June 9, 1943.)

*Mr. C. F. Beery, Mr. W. E. Pardee* and *Mr. C. T. Moore,* for appellant.

*Messrs. Slabaugh, Seiberling, Guinther & Pflueger,* for appellees George W. Crouse, Sr., and others.

*Mr. Fred R. Ormsby, Mr. Bruce W. Bierce* and *Messrs. Gottwald, Hershey & Hatch,* for appellees Grant M. Wills, individually and on behalf of others, and Charlotte I. Dodge.

*Mr. Thomas J. Herbert,* attorney general, and *Mr. Fred E. Renkert,* for appellee William L. Hart, superintendent of banks.

*Messrs. Foust & Holden,* for appellee Jay C. Steese.

*Mr. C. L. Dinsmore,* for appellee Laura N. Carter.

GUERNSEY, J. The notice of appeal in this case prescribes an appeal on questions of law and fact. The appeal is from a judgment of the Court of Common Pleas of Summit county, Ohio.

In his petition the plaintiff William J. Laub purports to sue as a shareholder of The First-Central Trust Company (in liquidation), a banking corporation duly incorporated, organized and existing under the laws of this state, with its principal office and place of business in the city of Akron, Summit county, Ohio, on behalf and for the benefit of himself and all other persons similarly situated (alleged by him to be more than 1,500 in number), as a class, who have made payment to the Superintendent of Banks in charge of such liquidation for application upon the respective amounts, as by such superintendent determined or estimated and assessed against them, of their "double liability."

The defendants named in the petition are Grant M. Wills, individually and on behalf and for the benefit of himself and all other persons similarly situated, as depositor-creditors of The First-Central Trust Company (alleged by plaintiff to be approximately 42,000 in

number), as a class, and William L. Hart, Superintendent of Banks in charge of the liquidation aforesaid.

It appears from the petition that on June 21, 1933, Ira J. Fulton, the duly appointed, qualified and acting Superintendent of Banks of the state of Ohio, took possession according to law of the business and assets of The First-Central Trust Company for the purpose of liquidating the same, and that the defendant William L. Hart, the present Superintendent of Banks of the state of Ohio, is in charge of the liquidation of the company, such proceeding, in conformity with the statutory provisions relating thereto, being docketed and numbered as cause No. 100319 in the Court of Common Pleas of Summit county.

The object of the petition is the declaration of rights, status and other legal relationships of the respective classes of persons represented by the plaintiff Laub and by the defendant Grant M. Wills in respect to the agreement for the resumption of business by The First-Central Trust Company, made and entered into by shareholders, depositors and creditors of the company, in pursuance of Section 710-89a, General Code, after the Superintendent of Banks had taken possession of the business and property of the company, and in respect to the fund in the possession of the Superintendent of Banks which has arisen out of the liquidation of the company.

The prayer of the petition is for a judgment "declaring the rights, status and other legal relations of the plaintiff, and said defendant Grant M. Wills, individually and as the respective representatives of the classes of persons aforesaid, in respect to said contract and the proceeds aforesaid of said liquidation, determining to what persons and in what amounts or proportions the proceeds aforesaid shall be distributed, and directing and ordering the defendant William L.

Hart, as such Superintendent of Banks in charge of the liquidation of said bank, to distribute said funds accordingly, and for such other and further orders as the nature of the case may require.''

George W. Crouse, Sr., and others, on their own application, being made intervening plaintiffs, filed an intervening petition in the case, praying in substance for an order requiring and directing the Superintendent of Banks, after payment to the holders of participation certificates of the balance of the face amounts of their respective certificates and after making provision for expenses of completing liquidation and for unclaimed or unpaid deposits or dividends, to use all of the remaining money, cash and assets in his possession for the purpose of making an adjustment with the intervening petitioners and all other shareholders who have paid $50 a share in discharge of the assessment made upon them by him.

The defendant William L. Hart, Superintendent of Banks in charge of the liquidation aforesaid, filed an answer admitting the allegations contained in all of the 23 paragraphs of the petition, except those in paragraphs 16 and 18, and, after alleging new matter, joined in part in the prayer of the plaintiff's petition, as follows:

''Defendant further prays that a declaration be made herein as to his rights, duties, authority and powers under or by virtue of the plan for resumption of banking business, and under, pursuant to or by virtue of, the statutes of Ohio, said declaration being prayed for in respect of the distribution of the funds in his hands, and/or such funds in his hands as may exceed the amount required to pay in full the principal sum due to depositors and creditors of said bank. Defendant further prays that a declaration be made herein as to his duties, rights and authority in respect of the

distribution of the funds in his hands, as between himself and the depositors and general claimants of said bank, and as between himself and the shareholders of said bank, and for such other and further orders as the nature of this case may require, not inconsistent with any order of the court heretofore made.''

The defendant Grant M. Wills, individually and on behalf and for the benefit of himself and all other persons similarly situated, as a class, filed an answer, admitting all the allegations of the petition except those contained in paragraph 18, and, after alleging new matter, joined in the prayer of plaintiff's petition, as follows:

''Wherefore, these answering defendants join in the prayer of the plaintiff for a judgment declaring the rights, status and other legal relations of the plaintiff and said defendant Grant M. Wills, individually and as the representative of the classes of persons aforesaid, in respect to said so-called contract, and also with due respect to the general laws and the statutes of Ohio appertaining thereto and the proceeds aforesaid of said liquidation, and determine to what persons and in what order the defendant William L. Hart, as superintendent of banks of Ohio in charge of the liquidation of said bank, shall distribute said funds remaining in his hands after having received the $8,850,000 for the balance of the assets in his hands, and for such other and further orders as the nature of the case may require.''

The new matter pleaded in each of the answers aforesaid was traversed by reply.

Subsequently, Laura N. Carter, as a depositor-creditor, on her own application being made an intervening defendant with leave to file a demurrer to the plaintiff's petition instanter, filed such demurrer.

Likewise, Charlotte I. Dodge, as a depositor-creditor, on her own application was made a party defendant and

given leave to file instanter a demurrer to the plaintiff's petition, which she thereupon filed; the ground for the demurrer being "that there is a defect of parties plaintiff or defendant." Such demurrer, however, later was superseded by an answer, being the joint answer and cross-petition hereinafter mentioned.

Thereafter, Jay C. Steese, a shareholder, having been made a party defendant on his own application with leave to plead instanter, filed an answer and cross-petition, praying that the petition and the various answers, cross-petitions and intervening petitions be dismissed, but petitioned further, among other things, that, "if it be found that this court ought to grant the relief herein prayed for, * * * the Superintendent of Banks be ordered and directed to repay the shareholders who have paid their superadded liability, either in full or in part, as their interest may appear, before any distribution of any interest to holders of participation certificates."

The defendant Wills and the defendant Charlotte I. Dodge later filed the joint answer and cross-petition to which reference hereinbefore has been made.

The demurrer of Laura N. Carter to the petition was sustained by the court, and, none of the parties desiring to plead further, the court entered judgment dismissing the petition of the plaintiff and all "other pleadings, motions or demurrers appearing in the record" and ordered that "each and every party to this action go hence without day."

This is the judgment from which this appeal is taken.

This action was brought under favor of the Uniform Declaratory Judgments Act, Sections 12102-1 to 12102-16, inclusive, of the General Code of Ohio. The actions provided for by such act are purely statutory in nature, and consequently this action is an action at

law unless the allegations of the petition or other pleadings in the action state a cause of action such as was recognized as an equitable action before the adoption of the Code of Civil Procedure in 1853. *Wagner* v. *Armstrong*, 93 Ohio St., 443, 113 N. E., 397.

An inspection of the allegations of the petition and of the other pleadings discloses that no cause of action is pleaded which is recognized as an equitable action or was recognized as an equitable action before the adoption of the Code of Civil Procedure. However, it is contended by the plaintiff Laub that the Superintendent of Banks in the liquidation of the bank is acting in the capacity of trustee of a trust created by statute, and that as he, by his answer, asked for relief similar to that asked in the petition, of a character tantamount to instructions and directions as to the administration of his trust, the petition and such answer, considered together, state a cause of action cognizable in equity; courts of equity having always claimed and exercised exclusive jurisdiction in cases of trusts and over the conduct of those appointed to execute them.

The Supreme Court has held that a trust is created by statute in the property and assets of a building and loan association of which the Superintendent of Building and Loan Associations is trustee, in a proceeding for the liquidation of such association pursuant to the provisions of Sections 687 *et seq.*, General Code.

It has further held that the action instituted in such proceeding by the filing by the superintendent, with the clerk of the Common Pleas Court of the county in which the principal office of such association is located, of notice to the effect that he has taken possession of the business and property of such association for the purpose of liquidation pursuant to the provisions of such sections, constitutes an action for the administration of such trust.

It is further held that the state has plenary power to provide for the administration of such trust by statute. *Warner, Supt.,* v. *Mutual Building & Investment Co.,* 128 Ohio St., 37, 190 N. E., 143.

The proceeding for the liquidation of a banking corporation, prescribed by Sections 710-89 *et seq.,* General Code, and the power conferred upon the Superintendent of Banks in connection therewith, are in all material respects similar to the proceeding for the liquidation of a building and loan association and the power conferred upon the Superintendent of Building and Loan Associations in connection therewith, prescribed by Sections 687 *et seq.,* General Code, and consequently are governed by the same rules. Consequently a trust was created by statute in the business and assets of The First-Central Trust Company of which the Superintendent of Banks is and was trustee in the proceeding for the liquidation of the trust company pursuant to the provisions of Sections 710-89 *et seq.,* General Code, and the action instituted by the Superintendent of Banks, in the Common Pleas Court of Summit county, the county in which the principal office of the bank is located, by filing with the clerk of court a notice to the effect that he had possession of the business and property of the bank for the purpose of liquidation, pursuant to the provisions of Section 710-90 of the General Code, which action is docketed and numbered as cause No. 100319 in such court, is an action for the administration of a trust, the trust being of such character that the state has plenary power to provide by statute for the administration thereof.

Under the provisions of Sections 710-90 and 710-95, General Code, instructions may be asked by the Superintendent of Banks as to the manner in which he may exercise his powers and discretion, only in the cause in the Common Pleas Court which he instituted by the

filing of the notice of the taking possession of the business and property of a bank for the purpose of liquidation, which in the instant case was cause No. 100319 in the Common Pleas Court of Summit county, and under the equity practice such instructions could be asked by a trustee only in the cause in which the trust of which he was trustee was being administered. Consequently, both under the statute and under the equity practice, the court in the instant case was without jurisdiction to give such instructions, and the action of the superintendent in asking for such instructions by way of his answer herein was insufficient to confer on the court in the instant case equitable juristion over the subject matter of such instructions.

As shown by the pleadings, no cause of action in equity is stated, and consequently the case is not one which on appeal may be retried upon the facts; and the appeal stands and will be considered only as an appeal on questions of law.

The grounds of the demurrer which was sustained by the Common Pleas Court are as follows:

"1. That the court does not have jurisdiction of the persons of the parties plaintiff and defendant, excepting only William J. Laub, plaintiff, and the defendants who have been served with summons or have entered their appearance by intervention or otherwise. The court does not have jurisdiction of either plaintiffs or defendants who were brought in under the designation of 'all other persons similarly situated.'

"2. The court has no jurisdiction of the subject of the action.

"3. The plaintiff does not state facts which show a cause of action."

In order to determine whether the Common Pleas Court erred in sustaining the demurrer and rendering the judgment it rendered, it is necessary to further

consider the statutory provisions and rules of law applicable to the proceeding instituted by the Superintendent of Banks for the liquidation of the trust company, being cause No. 100319 in the Common Pleas Court.

Section 710-90, General Code, among other things, prescribes that "all applications, orders, inventories, claim lists and papers in connection with the liquidation of such bank shall be filed and disposed of in said proceeding. No person other than the superintendent shall become a party to such proceedings by cross-petition, answer, interpleader, or otherwise, except as provided in Section 710-99 of the General Code."

Section 710-99 of the General Code prescribes that objection to any claim not rejected by the Superintendent of Banks may be made by any party interested by filing a copy of such objection with the superintendent, and for the presentment of the same by the superintendent to the Common Pleas Court in which the liquidation proceedings are pending, and for the hearing by said court of such objections or the referring of the same by the court to a referee for report.

Section 710-95, General Code, first prescribes specific powers, authority and duties which the superintendent shall have, exercise and discharge without notice or approval of the court, but subject to the provisions of the chapter of the General Code relating to banks, and then prescribes that, without prejudice to or limitation on the foregoing powers, authority and duties, the Superintendent of Banks may, upon application to the Court of Common Pleas in which the proceedings for the liquidation of such bank are pending, or a judge thereof, and on such terms as such court, or such judge, may by order approve, exercise certain other specific powers and authority.

None of the powers, authority and duties specified in the section, as above mentioned, relate to the payment

of dividends by the superintendent out of the funds remaining in his hands after the payment of expenses.

The section mentioned further provides that ''in case of doubt or difficulty, the superintendent may ask the instructions of such court, or a judge thereof, as to the manner in which he should exercise his powers and discretion. He shall not be directed or restrained in the exercise of his powers or discretion otherwise than in a suit in equity in which it shall be alleged and proved that he has exceeded or abused such powers and discretion.''

It has been held that by reason of the provision last referred to, the superintendent, in the performance of his duties, is subject only to such restraint and direction as therein prescribed, and that depositors and other creditors have no other remedy in the premises. *Reilly* v. *Squire, Supt.*, 60 Ohio App., 207, 20 N. E. (2d), 374.

Section 710-95, General Code, further provides that the Superintendent of Banks shall give notice of the hearing of each application made pursuant to this section, by publication in the manner therein prescribed. Provided, however, that such court, or a judge thereof, may by order dispense with such publication of notice and hear any such application at any time before the expiration of the period prescribed for notice.

It further provides that at the hearing of any such application, any shareholder, depositor or creditor of such bank shall have the right to appear and be heard.

Such section further provides that no order of the Common Pleas Court, or judge thereof, entered pursuant to this section shall be deemed a final order; but by leave of court an independent suit may be brought not later than five days after such order is entered, by any such person deeming himself aggrieved thereby, to restrain any action thereby authorized.

Section 710-98, General Code, among other things, provides that as soon as practicable after the expiration of the date fixed for the presentation of claims, the Superintendent of Banks may, out of the funds remaining in his hands after the payment of expenses, declare one or more dividends, and that each such dividend shall be paid to such persons in such manner and amounts and upon such notice as may be directed by the Court of Common Pleas in which the proceedings for the liquidation of such bank are pending, or a judge thereof.

Under the foregoing provisions of Section 710-98, General Code, the manner and amounts of dividends to be paid by the superintendent are under the direction of the court in the case in which the liquidation proceedings are pending, and involve the exercise of discretion by it.

In exercising such discretion the court must necessarily consider and determine the rights and interests of each and all persons and classes of persons in the fund sought to be distributed, which involves a consideration by the court of all the facts and circumstances upon which any of such rights may be predicated, the construction of any agreements upon which such rights may be based, and a determination of the rights of any person or classes of persons thereunder.

All persons or classes of persons having or claiming to have any interest in the fund sought to be distributed pursuant to such statutory provisions have an opportunity to come into open court and be heard and have such right or interest determined by the court upon any application by the superintendent to the court for the payment of dividends.

An order made by the court on such application affects a substantial right of any person or class of persons having or claiming an interest in the fund

sought to be distributed, and such order is a final order subject to review by the Court of Appeals upon the appeal of any person or class of persons having a substantial right affected thereby.

Under such statutory provisions all persons or classes of persons having an interest in the fund sought to be distributed have a complete and adequate remedy for the adjudication of any and all rights they may have or claim to have. See *State, ex rel. Steckhan,* v. *Common Pleas Court of Summit County,* 140 Ohio St., 28, 42 N. E. (2d), 160.

Considering the statutory provisions above mentioned, and the other statutory provisions relating to the subject matter, together, in connection with the above-mentioned rules of law, it is clear that such statutory provisions prescribe a complete, comprehensive and exclusive scheme for the liquidation of a bank, and that the jurisdiction conferred on the Common Pleas Court in the case in which the liquidation proceedings are pending is plenary and exclusive, comprehending jurisdiction over the subject matter which the petition herein seeks to have adjudicated.

The Common Pleas Court, in cause No. 100319, having acquired jurisdiction of the subject matter of the liquidation, comprehending the subject matter sought to be adjudicated in the instant case, and of all persons necessary to an adjudication thereof, including all persons who are parties or sought to be made parties to the instant action, such jurisdiction continues until the final determination of the cause in the mode prescribed by law.

The general rule is that courts will refuse to entertain an action for declaratory judgment as to questions which are determinable in a pending action or proceeding between the same parties. 16 American Jurisprudence, 295, Section 22; annotation in 135 A. L. R.,

934; 1 Corpus Juris Secundum, 1027, Section 18*d* (8).

An exception to this rule, recognized by the Supreme Court of Ohio, is that, where speedy relief is necessary to the preservation of rights which otherwise may be impaired or lost, courts will entertain an action for a declaratory judgment as to questions which are determinable in a pending action or proceeding between the same parties. See *Radaszewski* v. *Keating, Exrx.*, 141 Ohio St., 489, 49 N. E. (2d), 167.

In the above-cited case it was held that, because the estate in which the petitioner for a declaratory judgment had an interest might be wholly distributed in the administration proceedings pending in the Probate Court before the petitioner had an opportunity to assert and have his legal rights in such estate determined in the administration proceeding, the petitioner was entitled to have such rights determined in an action for a declaratory judgment. The basis of this holding is that the relief the petitioner might have in the administration proceeding in Probate Court was inadequate.

The instant case does not present a situation coming within the exception mentioned, as the relief that may be afforded in cause No. 100319 is as speedy as that which may be afforded in the instant action for a declaratory judgment, and there are no rights that may be impaired or lost by reason of the failure to give relief by way of declaratory judgment.

As the instant case does not come within the exception mentioned, it is governed by the general rule above referred to.

Furthermore, the instant case comes within the general rule that where a special statutory method for the determination of a particular type of case, such as the type of case instituted by the Superintendent of Banks for the liquidation of a bank, has been provided, it is not proper for any of the issues that may be adjudi-

cated therein to be tried by declaration, as this would amount to ousting a statutory court of its attached jurisdiction prescribed for a particular case. See Borchard on Declaratory Judgments (2 Ed.), 342.

For the reasons mentioned, the Common Pleas Court did not have jurisdiction of the subject matter of the action, the petition did not state facts constituting a cause of action, and the court did not have jurisdiction of the persons of the parties plaintiff or defendant excepting only the plaintiff William J. Laub individually, the individual defendants who were served with summonses, and all other parties who entered their appearance by intervention or otherwise. Consequently the court did not err in sustaining the demurrer to the petition on each and all of the grounds set forth therein, and rendering the judgment it entered, and such judgment will therefore be affirmed at the costs of appellant.

*Judgment affirmed.*

STEVENS, P. J., and WASHBURN, J., concur.

GUERNSEY, J., of the Third Appellate District, sitting by designation in the Ninth Appellate District.