FULLER ET AL., APPELLANTS, *v.*
GERMAN MOTOR SALES, INC. ET AL.,
APPELLEES.

(No. C-870583—Decided
July 11, 1988.)

*Henry D. Acciani,* for appellants.
*Rupert, Bronson & Chicarelli Co., L.P.A.,* and *Alan J. Statman,* for appellees.

*Per Curiam.* This procedurally complex but substantively simple matter was initiated by the filing of a com-

plaint by John Fuller and Michael Hilferty, plaintiffs-appellants ("appellants"), against German Motor Sales, Inc., and its president, E. Forry Hargitt, defendants-appellees (collectively "Hargitt"). Appellants alleged that Hargitt was liable for conversion, negligence and interference with a contract. The complaint included a demand for a trial by jury.

The underlying cause of the lawsuit was an automobile, specifically a BMW 745i. Appellants contend that they purchased the car from a distributor in the Federal Republic of Germany. The German government does not require much of the safety and pollution-control equipment required by the United States Department of Transportation and the Environmental Protection Agency. Accordingly, a BMW can be purchased at a substantially reduced price in Germany, but if it is imported into this country it must be made to conform to governmental standards.

Appellants claim that after they purchased the BMW, referred to as a "gray-market" car, they found that they were unable to import the car into California as they had planned because it lacked the necessary mileage. The BMW was returned to the German distributor and subsequently sent to German Motor Cars in Cincinnati, where it was sold to someone not a party to this dispute.

Thus, the dispute centers on the ownership of the car, the intentions of appellants when they returned the car to the German distributor, and the knowledge of Hargitt when he proceeded to sell the automobile. The dispute is relatively straightforward; unfortunately, however, the procedure employed for its resolution in the trial court was not direct or straightforward.

After the complaint was filed, Hargitt answered with what amounted to a general denial. Then Hargitt filed a pleading captioned "Motion to Dismiss or, alternatively, Motion for Summary Judgment." Next Hargitt filed a "Motion to Dismiss." Appellants then filed a response to the motion to dismiss, their own motion for partial summary judgment on the issue of the ownership of the BMW, and a response to Hargitt's motion for dismissal or for summary judgment. None of these motions was ever ruled upon until this court, after its pre-argument review of the case, informed counsel of the oversight. A *nunc pro tunc* entry overruling all the motions was entered on the record.

While the other motions were still pending before the trial court, Hargitt filed a "Motion for Declaratory Judgment," which was to determine the "rights in and to" the BMW. Hargitt then filed a supplemental memorandum in support of the motion for declaratory judgment, and appellants filed a pleading captioned "Memorandum and Final Argument." The next entries in the record are proposed findings of fact and conclusions of law, and the trial court's own findings and conclusions.

In effect, the court found that appellants had rescinded the sale, that Hargitt had obtained the car for value, and that Hargitt had sold the car before he had any notice of appellants' claim. Accordingly, the court concluded that the conversion claim was meritless because Hargitt owned the car, and that a "fraud" case could not be maintained against Hargitt because there was no relationship between Hargitt and appellants. Interestingly, the complaint did not allege fraud, but it did allege negligence and interference with a contract, neither of which are addressed by the court's findings of fact and conclusions of law. The court journalized an entry dismissing all of appellants' claims.

In this appeal from the dismissal of their claims, appellants present two related assignments of error. First, it is contended the court below erred in not empaneling a jury to decide the disputed questions of fact, and, second, it is contended the court erred in deciding the declaratory judgment motion in a summary fashion. We will discuss both of the assignments simultaneously.

It is apparent that the trial judge and counsel have completely confused the separate concepts of a Civ. R. 56 motion for a summary judgment with R.C. Chapter 2721, which provides for declaratory judgments. We hold that the procedure used in this case is a nullity as it is not provided for by either the Civil Rules or R.C. Chapter 2721. Therefore, the dismissal based upon the nonexistent procedure is prejudicial error, and we reverse the decision of the trial court.

In our view, the declaratory judgment statutes contemplate a distinct proceeding generally initiated by the filing of a complaint. 26 Corpus Juris Secundum (1956) 90, Declaratory Judgments, Section 136. A "motion" for a declaratory judgment is precedurally incorrect and inadequate to invoke the jurisdiction of the court pursuant to R.C. Chapter 2721. See *Anderson* v. *Cincinnati Ins. Co.* (May 15, 1987), Erie App. No. E-86-45, unreported; *Schmacher* v. *Canton Drop Forging & Mfg. Co.* (Oct. 7, 1983), Stark App. No. 6099, unreported.

This summary procedure ignores the fact that a party who makes a timely demand for a jury trial in a declaratory judgment action in which a question of fact is to be determined is generally entitled to a trial by jury on the factual questions. *Harleysville Mut. Ins. Co.* v. *Santora* (1982), 3 Ohio App. 3d 257, 3 OBR 289, 444 N.E. 2d 1076. Similarly, a declaratory judg-

ment does not take precedence over another pending case when the pending case will necessarily dispose of all the issues between the parties. See *Internatl. Bhd. of Pottery & Allied Workers, Local 380, AFL-CIO* v. *Toalston* (N.D. Ohio 1974), 380 F. Supp. 1274; *Laub* v. *Wills* (1943), 72 Ohio App. 496, 27 O.O. 444, 53 N.E. 2d 530. It would be inconsistent with the orderly presentation of a plaintiff's case to allow a defendant to proceed first to prove his defenses to the claim by way of a motion for declaratory judgment. See *Baker* v. *Miller* (1972), 33 Ohio App. 2d 248, 62 O.O. 2d 356, 294 N.E. 2d 901 (holding that a court may refuse to hear a declaratory judgment action for the purpose of determining the validity of defenses to a pending negligence action).

Neither can this procedure be justified as a summary judgment pursuant to Civ. R. 56. It is patent that summary judgment can only be granted where there are no genuine issues of material fact. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267. When the court made "findings" of fact in this case the court weighed the evidence and resolved issues of fact. The purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist. *Viock* v. *Stowe-Woodward Co.* (1983), 13 Ohio App. 3d 7, 13 OBR 8, 467 N.E. 2d 1378.

Finally, some of the findings by the trial court are directly contradicted by the evidence in the record. For example, the court states that Hargitt did not receive notice of appellants' claim to the automobile until after he sold it. This directly conflicts with Hargitt's deposition testimony. Further, the determination of appellants' intent when they returned the car to the German dealer involves a determination of a factual question which alone would

104

make summary judgment inappropriate.

Accordingly, as we have determined that the "motion for declaratory judgment" and the proceedings conducted thereunder were prejudicial error, it follows that the judgment must be reversed and the cause remanded to the trial court.

*Judgment reversed and cause remanded.*

HILDEBRANDT, P.J., DOAN and UTZ, JJ., concur.