OPINION AND JUDGMENT ENTRY
{¶ 1} This cause comes on appeal from a September 4, 2008 judgment of the Common Pleas Court overruling the appellants' motion to dismiss the cross-claim of the Ohio Bureau of Workers' Compensation (hereafter Bureau) and overruling the appellants' motion for declaratory judgment or partial summary judgment against the Bureau. The trial court included Civ. R. 54(B) language in the order.
 {¶ 2} In response to a jurisdictional order issued by this Court the respective parties have filed opposing memorandums on the appealability of the September 4, 2008 judgment entry. The question of appealability now comes on for determination.
 History of the Case {¶ 3} On February 16, 2006, Appellants Themelis Galouzis and Nicholas Poniris, along with their respective spouses, filed an intentional tort complaint against their employer and certain John Doe companies for serious injuries received when the scaffolding they were working on collapsed at a highway bridge construction site. An amended complaint was filed on March 24, 2006 naming Safety Control Technology Inc. as an additional party defendant along with the employer, Americoat Painting Co. A second amended complaint was filed on March 27, 2008, acknowledging the Bureau's right to subrogation of amounts received from a non-employer defendant. Subsequently, on May 8, 2008 the Bureau of Workers' Compensation filed an answer to the second amended complaint, asserting a statutory subrogation right under R.C. 4123.93 et. seq. since the injured appellants had filed claims for their employment related injuries. The Bureau was then realigned as a party plaintiff. On June 27, 2008, as a new party plaintiff, the Bureau filed a complaint detailing the compensation it had already paid to the appellants and praying for combined additional damages exceeding One Million Five Hundred Thousand Dollars for ". . . medical and compensation benefits paid, plus the estimated future costs of this claim, plus any additional amounts expended for medical and compensation benefits, rehabilitation costs, and any other costs or expenses. . . ."
 {¶ 4} On July 16, 2008 appellants filed a Motion for Declaratory Judgment or Partial Summary Judgment Against the Ohio Bureau of Workers' Compensation, *Page 2 
seeking an order that the Bureau has no right to recover any subrogated amount from the employer. By such motion appellants argued that the Bureau has a right to recover subrogated amounts from third parties, but not the employer in an intentional tort action.
 {¶ 5} On July 30, 2008 Safety Controls Technology Inc. was granted summary judgment. The order giving rise to this appeal was entered thereafter on September 4, 2008.
 Subrogation {¶ 6} The right of subrogation by the Bureau of Workers' Compensation is codified in R.C. 4123.931(A) wherein it is stated:
 {¶ 7} "The payment of compensation or benefits pursuant to this chapter or Chapter 4121.4127., or 4131., of the Revised Code creates a right of recovery in favor of a statutory subrogee against a third party, and the statutory subrogee is subrogated to the rights of a claimant against that third party. The net amount recovered is subject to a statutory subrogee's right of recovery."
 {¶ 8} The remainder of the statute addresses a formula to determine the subrogation amounts or the procedures available to determine the subrogation interest, or to allow for alternative dispute resolution.
 {¶ 9} This subrogation statute has been attacked repeatedly on a constitutional basis. In Holeton v. Crouse Cartage Co. (2001),92 Ohio St.3d 115, 2001-Ohio-109, 748 N.E.2d 1111, the Ohio Supreme Court held the former statute unconstitutional in violating Sections 16 and 19, Article I of the Ohio Constitution, since the statute gave the statutory subrogee a right of subrogation with respect to "estimated future values of compensation and medical benefits" as well as providing that the entire amount of any settlement or compromise of the action was subject to the subrogation right of the Bureau, regardless of how the settlement or compromise was characterized. Holeton, supra.
 {¶ 10} The Ohio Supreme Court subsequently held that the earlier version (1993) of the subrogation statute, which then became effective upon Holeton ruling *Page 3 
the then version (1995) unconstitutional, was itself ruled unconstitutional in Modzelewski v. Yellow Freight Sys. Inc.,102 Ohio St.3d 192, 2004-Ohio-2365, 808 N.E.2d 381.
 {¶ 11} Subsequent to Holeton, the General Assembly repealed the 1995 statutes and enacted new subrogation statutes in 2002 Sub S.B. No. 227, with an effective date of April 9, 2003. Like their predecessor, this statute was challenged on numerous constitutional bases. In McKinley v.Ohio Bureau of Workers' Compensation, 170 Ohio App.3d 161,2006-Ohio-5271, 866 N.E.2d 527 our sister appellate district reversed a finding that the current version of the subrogation statute was unconstitutional and held that "neither R.C. 4123.93 nor 4123.931 violates the Due Process Clause, the Takings Clause or the Equal Protection Clause as set forth in Sections 16, 19 and 2, Article I of the Ohio Constitution." McKinley at ¶ 39. The McKinley court found that the current statute guards against a windfall for the statutory subrogee and simultaneously did away with the claimant's burden regarding the risk of overestimating liability for future values. McKinley at ¶ 22. The new statute addressed the issues raised by Holeton and complied with constitutional mandate.
 {¶ 12} Most recently, in an expansive opinion issued on February 21, 2008, the Ohio Supreme Court, on order from the United States District Court for the Northern District of Ohio, Western Division, answered certified questions regarding the constitutionality of R.C. 4123.93 and4123.931 and R.C. 2305.10(C) and R.C. 2305.10(F).
 {¶ 13} In syllabus 1 to Groch v. Gen. Motors Corp.,117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, the Ohio Supreme Court stated:
 {¶ 14} "1. R.C. 4123.93 and 4123.931 do not violate the Takings Clause (Section 19, Article I), the Due Process and Remedies Clauses (Section 16, Article I), or the Equal Protection Clause (Section 2, Article I) of the Ohio Constitution, and are therefore facially constitutional." *Page 4 
 {¶ 15} Relative to the jurisdictional question sua sponte raised herein, the cited cases are utilized not for their content, but for the procedural path taken to have such constitutional questions addressed in a court of law.
 {¶ 16} In Groch and Holeton the Ohio Supreme Court was determining constitutional questions certified by a federal district court. TheMcKinley case originated as an action specifically challenging the constitutionality of R.C. 4123.93 and 4123.931.
 {¶ 17} Furthermore, it has been held that a "motion" for declaratory judgment is not prescribed by the Civil Rules or R.C. Chapter 2721.Fuller v. German Motor Sales, Inc. (1998), 51 Ohio App.3d 101, 103,554 N.E.2d 139. The Fuller court stated that "[a] `motion' for a declaratory judgment is procedurally incorrect and inadequate to invoke the jurisdiction of the court pursuant to R.C. Chapter 2721."
 {¶ 18} As noted by appellee in its memorandum opposing jurisdiction the order appealed "denied" the motion for declaratory judgment. In fact, there was no declaration of rights as contemplated by R.C. 2721. 02. In a declaratory judgment action, without a declaration of rights, there is no final order. See Thomas v. Nationwide Mut. Ins. Co. (Aug. 31, 2006) 8th Dist. No. 86579.
 {¶ 19} The order appealed in this case simply overrules a motion for declaratory judgment or partial summary judgment. It does not definitively state what the subrogation rights of the Bureau may be in this case. Moreover, the subrogation statute itself permits a claimant and statutory subrogee to agree to a settlement amount for each party if a settlement of the tort action occurs. R.C. 4123.931(B). There is also a provision for alternative dispute resolution. Id.
 {¶ 20} Finally, this intentional tort action remains to be litigated. It is not a certainty that appellants will prevail and receive a damage award. While this Court is sympathetic to appellants' argument that it alone will bear the expense of litigation, with the possibility that any damages recovered may pass to the statutory subrogee, the legal arguments regarding constitutionality of the statute, whether the employer is a "third party" contemplated by the statute and the right of the Bureau to *Page 5 
subrogation to prevent a double recovery of damages are not ripe for review until a final judgment is issued in this case. There remain pending for determination significant issues relating to damages and relief.
 {¶ 21} The issues raised in this interlocutory appeal may be adequately addressed in an appeal following final determination of all the rights and obligations of all parties involved in the underlying litigation. Inclusion of Civ. R. 54(B) language does not convert an otherwise nonfinal order into one which can be immediately appealed if it does not meet the definition of a final order under R.C. 2505.02. The phrase "no just reason for delay" is not a mystical incantation which creates a final order from a nonfinal order. Chef Italiano Corp. v. KentState Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64.
 {¶ 22} We find that the order appealed in this underlying intentional tort action is not a final appealable order as defined by R.C. 2505.02.
 {¶ 23} Appeal sua sponte dismissed for lack of a final appealable order.
 {¶ 24} Costs taxed against appellants.
 DeGenaro, P.J., concurs. Donofrio, J., concurs. Vukovich, J., concurs. *Page 1