**DUHART, Appellee and Cross–Appellant,**

v.

**LAWSON et al.; USA Truck, Inc., Appellant and Cross–Appellee.**

[Cite as *Duhart v. Lawson,* 186 Ohio App.3d 363, 2010-Ohio-937.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–09–1067.

Decided March 12, 2010.

Michael Jay Leizerman and Ronald F. Leonhardt, for appellee and cross-appellant.

Cheryl L. Jennings and William R. Thomas, for appellant and cross-appellee.

---

OSOWIK, Presiding Judge.

{¶ 1} This is an appeal from a judgment issued by the Lucas County Court of Common Pleas, in which the trial court denied cross-motions for summary judgment filed by appellee and cross-appellant, Verdale Duhart, and appellant and cross-appellee, U.S.A. Truck, Inc. ("USA"), and granted a declaratory judgment motion filed by appellee and cross-appellant.

{¶ 2} On appeal, USA sets forth the following assignments of error:

{¶ 3} "Assignment of Error # 1:

{¶ 4} "The trial court erred to the prejudice of appellee/cross-appellant USA Truck, Inc. when it denied appellee/cross-appellant USA Truck, Inc.'s motion for summary judgment in its February 19, 2009 judgment entry.

{¶ 5} "Under a negligence cause of action via vicarious liability, the trial court erred when [it] denied USA Truck's motion for summary judgment when that court found, as a matter of law, that Mr. Lawson was not acting within the course and scope of his employment with USA Truck.

{¶ 6} "The trial court erred when [it] denied USA Truck's motion for summary judgment even though the trial court found, as a matter of law, that the strict liability principles from *Wyckoff Trucking, Inc. v. Marsh Brothers* (1991), 58 Ohio St.3d 261[, 569 N.E.2d 1049], did not apply."

{¶ 7} "Assignment of Error # 2:

{¶ 8} "The trial court's February 19, 2009 judgment entry granting appellant/cross-appellee Verdale Duhart's motion for declaratory judgment was an abuse of discretion.

{¶ 9} "The trial court's granting of Mr. Duhart's motion for declaratory judgment is an abuse of discretion in that it abolishes the well-settled and time honored defense that an employer is not liable for the acts of its employees who are not acting in the course and scope of their employment.

{¶ 10} "The trial court's granting of Mr. Duhart's motion for declaratory judgment is an abuse of discretion in that it creates new law which was not contemplated by nor provided for by the legislature.

{¶ 11} "The trial court's reliance on the West Virginia Supreme Court case of *Jackson v. Donahue* (1995), 193 W.Va. 587, 457 S.E.2d 524, in support of its granting of Mr. Duhart's motion for declaratory judgment is an abuse of discretion."

{¶ 12} In addition, Duhart sets forth the following cross-assignment of error:

{¶ 13} "The trial court erred as a matter of law to the prejudice of plaintiff/appellant in holding that the employee/driver of a common carrier was not a 'statutory employee' pursuant to Federal Regulation which would make the issue of 'course and scope of employment' irrelevant."

{¶ 14} The record contains the following relevant, undisputed facts. From April 27, 2006, until May 15, 2006, Donald Lawson was employed by USA as an over-the-road truck driver. A truck owned by USA, and displaying United States Department of Transportation ("USDOT") number [1] 213754, was assigned to Lawson. USA required Lawson to drive the truck during the week and allowed him to take it home on weekends.

{¶ 15} On Sunday, May 14, 2006, Lawson drove the truck to pick up a personal friend.[2] After Lawson dropped off his friend, his truck collided with a vehicle driven by Duhart at the intersection of Cherry Street and Central Avenue in Toledo, Ohio. Immediately following the collision, Lawson drove the truck away from the scene. However, Lawson later drove the truck back through the intersection, where it was identified by Duhart and was eventually stopped by police. Duhart suffered physical injuries as a result of the collision.

{¶ 16} On June 6, 2007, Duhart filed a complaint against Lawson and USA, in which he set forth claims of negligence per se and statutory violations by Lawson, along with claims of vicarious liability, strict liability, statutory violations, and negligent entrustment on the part of USA. Duhart also sought punitive damages from USA. In addition, Duhart set forth claims of vicarious liability, strict liability, negligence, statutory violations, and punitive damages against defendant "John Doe," whom Duhart identified as the "registered owner of the [ICC] number 213754 displayed on the tractor unit involved in this collision." Answers were filed by USA on July 9, 2007, and by Lawson on August 6, 2007.

{¶ 17} On November 14, 2007, USA filed a motion for summary judgment in which it asserted that it was not liable for Duhart's injuries. In support, USA argued that even though it was the owner of the truck driven by Lawson, it is not strictly liable under current federal trucking regulations for injuries caused by Lawson when he was not working for USA. USA cited *Wyckoff Trucking, Inc. v. Marsh Bros.* (1991), 58 Ohio St.3d 261, 569 N.E.2d 1049, in which the Ohio Supreme Court held that ICC regulations apply to carrier-lessees who display an ICC number on their leased vehicles. See Section 376.12, Title 49, C.F.R. USA

---

1. The USDOT has since been replaced by the Interstate Commerce Commission ("ICC"). In the interest of clarity, the number on USA's truck will be referred to herein as an "ICC" number.

2. Lawson admitted in deposition that he had consumed approximately 12 beers before driving the truck to pick up his friend.

also argued that it is not vicariously liable for any harm caused by Lawson's negligence, because Lawson was not operating the truck during the course of his employment. In addition, USA argued that it is not liable in negligence for hiring, supervising, or training Lawson, or for entrusting the truck to Lawson to perform the work for which he was employed by USA. Finally, USA argued that it did not violate, or encourage Lawson to violate, any local, state, or federal laws or regulations.

{¶ 18} On May 21, 2008, Duhart filed a cross-motion for summary judgment, in which he argued that USA is liable as a matter of law for his injuries. In support, Duhart argued that pursuant to *Wyckoff*, 58 Ohio St.3d 261, 569 N.E.2d 1049, Lawson is a statutory employee. Accordingly, USA is liable because its ICC number was displayed on the side of the truck that caused Duhart's injuries, whether or not Lawson was acting within the scope of his employment when the truck collided with Duhart's vehicle. In addition, Duhart argued that it is rebuttably presumed that Lawson was acting within the scope of his employment because he was driving USA's truck when the accident occurred. Finally, Duhart argued that summary judgment cannot be granted in USA's favor because a genuine issue of material fact exists as to whether USA was negligent in hiring, training, or supervising Lawson, or in entrusting him with the duty of driving its truck.

{¶ 19} On the day his cross-motion for summary judgment was filed, Duhart filed a motion for declaratory judgment in which he asked the trial court to find that pursuant to federal motor-carrier-safety regulations ("FMCS regulations"), USA is responsible to pay damages resulting from the actions of its employees. In support, Duhart argued that FMCS regulations require USA, a self-insured carrier, to indemnify its drivers "for negligence arising out of the maintenance, operation and use of its vehicle, without regard to any limitations such as policy exclusionary language, respondeat superior principles, or on whose behalf the trucker is operating." On June 5, 2008, Lawson filed a "Joinder in Plaintiff's Motion for Declaratory Judgment." On December 29, 2008, the parties filed a joint stipulation in which they agreed that the trial court's decision on their cross-motions for summary judgment and Duhart's motion for declaratory judgment would be final and appealable and that there would be "no just cause for delay concerning the appeal of these decisions."

{¶ 20} On February 11, 2009, the trial court filed a judgment entry in which it found that *Wyckoff*, 58 Ohio St.3d 261, 569 N.E.2d 1049, does not apply in this case because USA was the owner of the truck, not a carrier-lessee. The trial court also recognized this court's decision in *Bookwalter v. Prescott*, 168 Ohio App.3d 262, 2006-Ohio-585, 859 N.E.2d 978, in which we refused to hold a carrier-owner strictly liable under *Wyckoff* because that case "and the federal statute

that it interprets both addressed vehicles of interstate motor carriers subject to a *written lease.*" (Emphasis sic.) *Bookwalter* at ¶ 16. The trial court also found that there was no genuine issue of fact as to whether Lawson was acting within the scope of his employment at the time of the accident because he stated in deposition that he was not. The trial court concluded that Lawson is not a statutory employee of USA, and USA is not strictly liable for Duhart's injuries pursuant to *Wyckoff.*

{¶ 21} In spite of the above findings, the trial court further found that USA is a self-insured carrier, which is required to provide proof of financial responsibility pursuant to Section 387.309 of the Motor Carrier Act of 1980. Relying on *Jackson v. Donahue* (1995), 193 W.Va. 587, 457 S.E.2d 524, the trial court concluded that allowing a carrier to self-insure "is not commensurate with avoiding liability by electing such status." Accordingly, the trial court found that registered carriers such as USA are required to indemnify "innocent victims" such as Duhart for their injuries because they are in the best position to seek reimbursement from the tortfeasor.

{¶ 22} Based on its above findings, the trial court denied both parties' motions for summary judgment and granted Duhart's motion for declaratory judgment. The trial court further stated that "[b]y stipulation of the parties, the Court finds there is no just cause for delay and the decision is FINAL and APPEALABLE." (Capitalization sic.) Both parties filed timely notices of appeal.

{¶ 23} Rather than addressing the merits of either party's appeal, we note that under Ohio law, an appellate court has no jurisdiction to review an order that is not final and appealable. *Darrow v. Zigan*, 4th Dist. Nos. 07CA25 and 07AP25, 2009-Ohio-2205, 2009 WL 1278385, ¶ 23; *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266. "Even if the parties do not address the lack of a final appealable order, the reviewing court must raise the issue sua sponte." (Citations omitted.) Id., citing *Englefield v. Corcoran*, 4th Dist. No. 06CA2906, 2007-Ohio-1807, 2007 WL 1162162, ¶ 24.

{¶ 24} It is well settled that " '[t]he denial of a motion for summary judgment generally is considered an interlocutory order not subject to immediate appeal.' " Id. at ¶ 27, quoting *Stevens v. Ackman* (2001), 91 Ohio St.3d 182, 743 N.E.2d 901. The reason that the denial of a summary-judgment motion is not a final, appealable order is because it " 'does not determine the outcome of the case.' " Id., quoting *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Indus.*, 6th Dist. No. WD–05–091, 2006-Ohio-475, 2006 WL 259646, ¶ 21. If an order is determined to be otherwise not final and appealable, a joint stipulation by the parties is not sufficient to turn it into a final, appealable order. *Amore v. Grange Ins. Co.*, 5th Dist. No. 02CA58, 2003-Ohio-2940, 2003 WL

21321409, ¶ 13–14. Similarly, "[i]nclusion of Civ.R. 54(B) language does not convert an otherwise nonfinal order into one which can be immediately appealed * * *." *Galouzis v. Americoat Painting Co.,* 7th Dist. No. 08–MA–196, 2009-Ohio-204, 2009 WL 161875, ¶ 21.

{¶ 25} On consideration of the foregoing, we find that in spite of the parties' joint stipulation and the inclusion of Civ.R. 54(B) language in its opinion, the trial court's denial of both parties' motions for summary judgment is not a final and appealable order. USA's first assignment of error and Duhart's cross-assignment of error will not be addressed, as we must dismiss the parties' appeals from the denial of their respective summary-judgment motions.

{¶ 26} As to the trial court's granting of Duhart's motion for declaratory judgment, Ohio courts have held that "a 'motion' for declaratory judgment is not prescribed by [either] the Civil Rules or R.C. Chapter 2721." *Galouzis v. Americoat Painting Co.,* 2009-Ohio-204, 2009 WL 161875, at ¶ 17, citing *Fuller v. German Motor Sales, Inc.* (1988), 51 Ohio App.3d 101, 103, 554 N.E.2d 139. In *Fuller,* the Fifth District Court of Appeals held that "the declaratory judgment statutes contemplate a distinct proceeding generally initiated by the filing of a complaint. 26 Corpus Juris Secundum (1956) 90, Declaratory Judgments, Section 136. A 'motion' for a declaratory judgment is procedurally incorrect and inadequate to invoke the jurisdiction of the court pursuant to R.C. Chapter 2721." *Fuller* at 103, 554 N.E.2d 139; *Schumacher v. Canton Drop Forging & Mfg. Co.* (Oct. 7, 1983), 5th Dist. No. 6099, 1983 WL 7078.

{¶ 27} Upon consideration of the foregoing, we find that the trial court did not have jurisdiction to decide Duhart's "motion" for declaratory judgment. Accordingly, the decision granting the "motion" is void. USA's second assignment of error is, therefore, well taken.

{¶ 28} The judgment of the Lucas County Court of Common Pleas is hereby reversed, and the case is remanded to the trial court for further proceedings consistent with this decision. Duhart is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

HANDWORK and SINGER, JJ., concur.