OPINION
{¶ 1} Appellant, D.F. ("appellant"), and her minor child, J.D.F. ("minor child") (collectively, "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adopting a magistrate's June 4, 2007 decision that declared, pursuant to a "motion for declaratory judgment," an *Page 2 
Agreed Entry filed March 8, 2001 to be valid and enforceable against appellant and appellee, T.F. ("appellee"). Because a motion for declaratory judgment is a procedurally incorrect means to challenge the Agreed Entry, we reverse and remand with instructions to dismiss the motion.
 {¶ 2} The facts underlying appellants' appeal date back to early 2001, when appellant and appellee, then involved in a long-term lesbian relationship, jointly filed a complaint for custody of the minor child. The minor child was born four years earlier as a result of appellant's being artificially inseminated with sperm from an anonymous donor. On March 8, 2001, the court filed the jointly-submitted Agreed Entry granting custody of the minor child to appellant and appellee.
 {¶ 3} The Agreed Entry not only gave both appellant and appellee co-custodial status over the minor child but included in their agreement that, in the event of a future dispute, neither could rely upon any biological or legal connection to the minor child in order to gain any advantage over the other. The Agreed Entry further ordered that appellant and appellee be treated in the law as two equal parents of the minor child, "the same as they would be treated under the law if they were any other two unmarried parents of a child." (Agreed Entry, 3.) Each was given the right to obtain medical and school records, to authorize medical treatment, to enroll the child in and pick him up from school, and to participate in the child's educational, religious, and community activities. Since appellant and appellee were residing together when the Agreed Entry was issued, it did not provide terms for custody and support of the minor child, although the court *Page 3 
retained jurisdiction over such matters. At the time the Agreed Entry was issued, appellant had legal representation; appellee appeared pro se.
 {¶ 4} After the relationship between appellant and appellee ended, appellee filed a pro se motion for contempt on May 26, 2004, alleging appellant violated the Agreed Entry in failing to permit visitation between appellee and the minor child in accordance with the terms of the Agreed Entry. The trial court appointed a guardian ad litem, who recommended that appellee have regular visitation with the minor child. Appellant and appellee each filed numerous other motions, including appellant's motion for declaratory judgment that sought to have the Agreed Entry declared null and void. The motion for declaratory judgment, the only motion subject of appellants' appeal, was referred to a magistrate for a hearing.
 {¶ 5} By entry filed June 22, 2006, the trial court adopted the magistrate's decision finding the Agreed Entry to be valid and enforceable against both women. Following consideration of appellant's timely objections to the magistrate's decision, the trial court determined the magistrate erred in failing to assess appellee's suitability to share custody of the minor child. Accordingly, the trial court returned the matter to the magistrate.
 {¶ 6} Based upon appellant's and appellee's agreement in the 2001 Agreed Entry that each believed the other to be a suitable person to share custody, the magistrate found appellee to be a suitable custodian. Appellants filed a joint objection to the magistrate's decision, but the trial court on October 18, 2007 adopted the magistrate's decision, overruled appellants' objections and entered judgment accordingly. *Page 4 
 {¶ 7} Appellants appeal, assigning four errors:
 1. The trial court abused its discretion when it found that the matters raised in Appellant's first three objections filed June 15, 2007 are res judicata when the Court's decision and Entry dated January 4, 2007 sustained [appellant's second objection when no further proceedings were conducted on the sustained issues.
 2. The trial court abused its discretion in finding, without first conducting an evidentiary hearing, that the parties' March 8, 2001 Agreed Entry granting them co-custody of [the minor child] was legal and enforceable against both parties.
 3. The trial court abused its discretion in finding that the recently enacted Constitutional Amendment of Article XV, Section 11 does not apply to the parties' March 8, 2001 Agreed Entry granting them co-custody of [the minor child].
 4. The trial court abused its discretion in finding that the parties' March 8, 2001 Agreed Entry granting them co-custody of [the minor child] was not against Ohio's public policy.
I. First, Third, and Fourth Assignments of Error {¶ 8} Because the first, third, and fourth assignments of error attack the Agreed Entry, we address them jointly. In doing so, we do not reach the merits of the assigned errors, because procedural defects resolve the issues raised on appeal.
 {¶ 9} Appellant's request for a declaratory judgment cannot be adjudicated because it was not appropriately initiated. Appellant filed a motion for declaratory judgment, but a "motion" for a declaratory judgment is procedurally incorrect and inadequate to invoke the jurisdiction of the court pursuant to R.C. Chapter 2721. Fuller v.German Motor Sales, Inc. (1988), 51 Ohio App.3d 101, 103. See, also,State v. Nemitz (Aug. 7, 1998), Hamilton App. No. C-970561; Belock v.Belock (Sept. 19, 1997), Geauga
App. No. 97-G-2045; and State v. Wright, Mahoning App. No. 01 CA 80, 2002-Ohio-6096. *Page 5 
The declaratory judgment statutes contemplate a distinct proceeding that a party generally initiates by filing a complaint, not by including the declaratory judgment request in a motion filed in the middle of already existing litigation, as appellant did. Id. Because neither the Civil Rules nor R.C. Chapter 2721 provide for it, the procedure appellant used here is a nullity, and the trial court's decision based upon the nonexistent procedure is reversible error. Id.
 {¶ 10} Indeed, although appellant's motion on its face seeks a declaration of rights or status, in reality it attempts to facially attack the Agreed Entry to which she is a party. Except for irregularity or fraud in its procurement, neither of which appellant alleges here, a consent decree entered by a court having jurisdiction over both the subject matter and the parties is not subject to attack through appeal.Goetz v. First Benefits Agency, Inc. (Oct. 15, 1997), Summit App. No. 18381, citing Sponseller v. Sponseller (1924), 110 Ohio St. 395,399-400. See, also, Sanitary Commercial Serv., Inc. v. Shank (1991),57 Ohio St.3d 178, 181. Moreover, even if appellant could have appealed the Agreed Entry, App. R. 4 required her to do so within 30 days after the trial court filed the entry. Because appellant failed to appeal during that time period, she cannot now challenge the merits of the Agreed Entry through a request for declaratory relief: a party cannot use a declaratory judgment action as a substitute for an appeal. Moore v.Mason, Cuyahoga App. No. 84821, 2004-Ohio-1188, at ¶ 14 (stating "[a] declaratory judgment action * * * cannot be used as a substitute for an appeal or as a collateral attack upon a conviction"), citing Shannon v.Sequeechi (C.A.10, 1966), 365 F.2d 827, 829 (noting declaratory relief is not "a means whereby previous judgments by state or federal courts may be re-examined"). *Page 6 
 {¶ 11} In an attempt to circumvent her inability to attack the Agreed Entry, appellant contends the trial court lacked jurisdiction over this matter when it entered the Agreed Entry, as no statute provides for an adjudication of custodial rights in lesbian relationships.
 {¶ 12} Custody disputes fall within one of two statutes, depending upon the circumstances. R.C. 3109.04 applies to custody disputes arising out of divorce, legal separation or annulment actions in domestic relations courts where the opposing parties are usually the child's parents. By contrast, R.C. 2151.23(A)(2) authorizes a juvenile court to determine custody of any child who is not a ward of another court of the state, and the proceedings often involve a parent and a nonparent.In re Brayden James, 113 Ohio St.3d 420, 2007-Ohio-2335, at ¶ 38
(Lundberg Stratton, J., dissenting), citing In re Hockstok,98 Ohio St.3d 238, 2002-Ohio-7208 and In re Perales (1977), 52 Ohio St.2d 89.
 {¶ 13} Appellant thus correctly points out that R.C. 3109.04 applies to married or formerly married couples and thus cannot provide the trial court with jurisdiction in this matter. See, also, R.C. 3101.01(A) (stating "[a] marriage may only be entered into by one man and one woman"); R.C. 3101.01(C)(1). Nonetheless, as the Ohio Supreme Court's decisions in Hockstok and Perales make clear, a juvenile court has jurisdiction pursuant to R.C. 2151.23(A)(2) over the custody of a child who is not otherwise the ward of the state, even when one of the parties vying for custody is a nonparent. Since the trial court had jurisdiction over the subject matter under R.C. 2151.23, appellants' contention to the contrary is not persuasive. *Page 7 
 {¶ 14} In the final analysis, the trial court could not properly consider appellant's "motion for declaratory judgment" and committed reversible error when it resolved the motion. Accordingly, albeit not for reasons appellants advance, we sustain the first, third, and fourth assignments of error to the limited extent of concluding the trial court erred in not dismissing appellant's "motion for declaratory judgment."
II. Second Assignment of Error
 {¶ 15} Appellants' second assignment of error contends the trial court erred in enforcing the Agreed Entry when the court failed to hold an evidentiary hearing to determine whether appellee was a suitable custodian for the minor child. In so arguing, appellants do not facially challenge the Agreed Entry, but instead maintain that, in the absence of a suitability hearing, the trial court failed to follow the proper procedure before granting co-custody to appellee.
 {¶ 16} Our determination that appellant's "motion for declaratory judgment" is procedurally defective renders moot appellants' second assignment of error. Despite the plethora of motions both parties filed in the trial court, the issue of unsuitability was raised only in the context of appellant's "motion for declaratory judgment." Because the motion is procedurally improper, neither appellants' motion nor appeal presents a procedural vehicle to raise the issue of suitability for determination.
 {¶ 17} For the reasons set forth in this opinion, we sustain to the limited extent indicated, and not for the reasons appellants posit, the first, third, and fourth assignments of error, rendering moot appellants' second assignment of error, and we remand this *Page 8 
matter to the trial court to dismiss appellant's "motion for declaratory judgment" as a procedural nullity.
Judgment reversed and case remanded with instructions.
PETREE and BROWN, JJ., concur.