MORRIS, Appellee,

v.

HAWK, Appellant.

[Cite as *Morris v. Hawk,* 180 Ohio App.3d 837, 2009-Ohio-656.]

Court of Appeals of Ohio,
Fifth District, Richland County.

No. 2008CA0009.

Decided Feb. 10, 2009.

</div>

Gary J. Gottfried and Darice L. Schlaufman, for appellee.

Kerry L. McCormick; and Camilla B. Taylor, for appellant.

FARMER, Judge.

{¶ 1} Appellant, Mary Jo Hawk, and appellee, Brenda Sue Morris, lived together in a relationship for some 18 years when they decided to have a child. On July 24, 1998, appellee gave birth to a son.

{¶ 2} On November 16, 2000, the parties filed a complaint with the juvenile court for Franklin County, Ohio, for the allocation of parental rights and responsibilities of the minor child. On November 17, 2000, the parties entered into an agreed entry wherein they agreed to share custody of the child. Both appellant and appellee were deemed to be legal custodians of the child.

{¶ 3} Approximately five years later, the parties separated. On April 28, 2005, appellant filed a motion in Franklin County requesting a specific companionship schedule with the child. By order filed July 5, 2005, a temporary visitation schedule was established. On January 23, 2007, the case was transferred to Richland County, Ohio.

{¶ 4} On May 21, 2007, appellee filed a declaratory judgment action for a determination on the trial court's authority to enforce the 2000 agreed entry. Hearings before a magistrate were held on August 27 and September 21, 2007. By decision filed October 9, 2007, the magistrate found that the agreed entry was unenforceable. Appellant filed objections. By judgment entry filed January 3, 2008, the trial court agreed that the agreed entry was unenforceable, finding that it violated appellee's fundamental right to parental autonomy, failed to find that appellant was a suitable co-custodian, and appellee believed the agreed entry would end if the parties separated.

{¶ 5} Appellant filed an appeal, and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 6} "The trial court committed reversible error in declaring the agreed entry unenforceable."

## II

{¶ 7} "Brenda's claim that she believed the agreed entry would be unenforceable if she ended her relationship with Mary Joe is not credible and in any event does not constitute a basis for invalidating the agreed entry."

## I

{¶ 8} Appellant claims that the trial court erred in finding that the agreed entry was unenforceable. We agree.

{¶ 9} On November 16, 2000, appellee filed a complaint for the allocation of parental rights and responsibilities of the minor child, wherein she affirmatively alleged the following:

{¶ 10} "1. Petitioner Brenda Sue Morris alleges that:

{¶ 11} " * * *

{¶ 12} "b. She is willing and desires to share as co-custodians the legal parenting rights and responsibilities for the minor child with Mary Jo Hawk;

{¶ 13} "c. At all times since the conception and birth of the minor child, Mary Jo Hawk has acted as a second parent to him;

{¶ 14} "d. The parties desire to share as co-custodians the day to day and financial responsibility of parenting and in all ways provide for the minor child;

{¶ 15} "e. As the child's co-custodians, the petitioners or either of them will be able to provide health insurance and other benefits for the minor child in the most economically feasible manner and in a way that reflects the parties' actual family structure;

{¶ 16} "f. She desires to establish shared legal rights and responsibilities for the minor child in a manner that reflects the parties' actual family structure as co-parents and co-custodians of their child; and

{¶ 17} "g. All of the foregoing are in the child's best interest."

{¶ 18} In the agreed order filed November 17, 2000, attached to appellant's brief as Exhibit A, appellee and appellant agreed to the following:

{¶ 19} "2. That each Petitioner is willing to and desires to share all parenting rights and responsibilities for the child, and has the financial capacity to provide for the minor child.

{¶ 20} "3. As the children's co-custodian, Mary Jo Hawk will at present be able to provide health insurance for the minor child through her employment at significant savings to the parties, which reflects the parties' actual family structure and is in the child's best interest.

{¶ 21} "5.  Both Petitioners agree to accept the legal obligation of support for the minor child, pursuant to RC 2151.23(B)(4), and both Petitioners agree to accept the jurisdiction of this Court at this time in awarding them co-custodial status as to the child, and as to any dispute that may in the future arise between the parties regarding the custody of and companionship with the minor child.

{¶ 22} "6.  This Court has jurisdiction to determine custody of the minor child pursuant to RC 2151.23(A)(2), and to determine support of the minor child pursuant to RC 2151.23(B)(4), and it is in the best interest of the minor child that the custody, visitation, and support rights of the parties and the child be determined.

{¶ 23} "Accordingly, it is hereby ORDERED, that:  Brenda Sue Morris and Mary Jo Hawk shall each be considered legal custodians of the minor child * * *, and Petitioner Mary Jo Hawk is hereby ORDERED to provide health insurance coverage for the minor child for so long as the same is available to her at reasonable cost through her employment."

{¶ 24} In determining the enforceability of the agreed entry, the trial court, via the magistrate's decision filed October 9, 2007, found the following:

{¶ 25} "The prior Judgment Entry does not contain a provision stating that the parties have considered all relevant factors in the best interests of the child, or a judicial determination that the Defendant, as a non-parent, is a 'proper person to have the care, training, and education of the child.'  The prior court did not examine the parties regarding the agreement at any time before or after approving the shared custody agreement and order.  At the time the agreement was reached the parties believed it was in the best interests of the child, and that the Defendant was a proper person to have the care, training, and education of the child."

{¶ 26} We note that up to and including the time of the filing of the declaratory judgment action, neither party appealed nor challenged the agreed entry.  Given the language of the agreed entry cited supra, we find that the doctrine of res judicata applies.  Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.

{¶ 27} We conclude that a collateral attack on the findings contained in the agreed entry is unavailable as a remedy.  Furthermore, the agreed entry contains sufficient findings to affirmatively establish that appellant is a proper person for the care, training, and education of the child.  The record in the

Franklin County proceedings affirmatively demonstrates that appellee's consent and voluntary written waiver were not required.

{¶ 28} Assignment of error I is granted.

## II

{¶ 29} Appellant claims that the trial court erred in determining that appellee intended the agreed entry to be in effect only as long as the parties continued their relationship. We agree.

{¶ 30} On this issue, the trial court found the following:

{¶ 31} "The Court finds credible, Plaintiff's assertion that she wanted to convey the status of co-custodian only for so long as the parties remained together, and further that she communicated her intention to Defendant's attorney who drafted the documents. The Court also finds credible, Plaintiff's testimony that she read the proposed Judgment Entry and believed that it did only convey co legal custody for as long as they remained in a relationship. In fact the Judgment Entry provided 'Further, this Order of co-custodial status is made subject to existing and ongoing companionship rights of both Petitioners–Custodians as has been established between each other with each other of the minor child.' This Court finds that the quoted language is confusing, at best, and caused the Plaintiff to believe that the grant of co custodial status was conditioned upon the ongoing relationship of the parties." See judgment entry filed January 3, 2008.

{¶ 32} It is appellant's position that the agreed entry is clear and unambiguous. The trial court termed the cited provision as "confusing," but did not find the provision to be ambiguous. We find that the parol evidence rule precludes the introduction of evidence outside the four corners of the agreed entry:

{¶ 33} "Where the parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, courts will give effect to the parties' expressed intentions.* * * Intentions not expressed in the writing are deemed to have no existence and may not be shown by parol evidence." *Aultman Hosp. Assn. v. Community Mut. Ins.* (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920.

{¶ 34} The agreed entry specifically states the following:

{¶ 35} "5. Both Petitioners agree to accept the legal obligation of support for the minor child, pursuant to RC 2151.23(B)(4), and both Petitioners agree to accept the jurisdiction of this Court at this time in awarding them co-custodial status as to the child, and *as to any dispute that may in the future arise between the parties regarding the custody of and companionship with the minor child.*

{¶ 36} "This Court shall have continuing jurisdiction over the custody, companionship, and support of the minor child, if invoked by either Custodian, *until such time as the child attains age eighteen, or so long as the child continuously attends any recognized and accredited high school, whichever last occurs.*" (Emphasis added.)

{¶ 37} In reviewing the provisions of the agreed entry, we do not find the agreed entry to be ambiguous. Clearly, the parties contemplated the agreed entry to be in effect until the child finished high school or turned 18, and the trial court would retain jurisdiction to resolve any future disputes. We agree that the cited provision is confusing, as more than likely, "existing and ongoing companionship rights of both Petitioners–Custodians" refers to their relationship with the child, not each other. While the cited provision may be confusing, it does not deem the agreed entry ambiguous.

{¶ 38} Based upon the parol evidence rule, the trial court erred in considering appellee's testimony in determining appellee's intention to terminate co-custodial status if the parties separated.

{¶ 39} Assignment of error II is granted.

{¶ 40} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed, and the matter is remanded to that court to determine appellant's April 28, 2005 motion requesting a specific companionship schedule with the child.

Judgment reversed
and cause remanded.

HOFFMAN, P.J., concurs.

EDWARDS, J., concurs separately.

EDWARDS, J., concurring.

{¶ 41} I agree with the majority that this case should be reversed and remanded for the trial court to address appellant's motion for a specific companionship schedule.

{¶ 42} But I would also remand this matter to the trial court to dismiss the motion for declaratory judgment as a procedural nullity. *In re J.D.F.*, 10th Dist. No. 07AP–922, 2008-Ohio-2793, 2008 WL 2350253, appeal not allowed, *In re J.D.F.*, 120 Ohio St.3d 1453, 2008-Ohio-6813, 898 N.E.2d 968.

{¶ 43} Based on the rationale of *In re J.D.F.*, I find that the trial court was without jurisdiction to act on the motion for declaratory judgment. Therefore, the ruling on that motion is a nullity and the motion should be dismissed.