[Cite as *State ex rel. Evans v. Mohr*, 2018-Ohio-935.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. William H. Evans, Jr., | : | |
| Relator, | : | |
| v. | : | No. 17AP-571 |
| Gary Mohr, Director, ODRC, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

D E C I S I O N

Rendered on March 13, 2018

---

**On brief:** *William H. Evans, Jr.,* pro se.

**On brief:** *Michael DeWine,* Attorney General, and *George Horvath,* for respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

BRUNNER, J.

{¶ 1} Relator, William H. Evans, Jr., objects to a decision of a magistrate of this Court to dismiss as moot a complaint for a writ of mandamus. The magistrate determined that the relief Evans seeks was voluntarily provided by the respondent, Ohio Department of Rehabilitation and Correction ("ODRC"). Evans sought by motion a declaratory judgment and he also filed a motion for summary judgment. Because we lack original jurisdiction in declaratory judgment we deny that cause of action and we note that declaratory judgment is a remedy sought by pleading it as a cause of action. It is not inherently subject to relief by motion.

{¶ 2} Because we dismiss Evans' action, his pending motion in summary judgment is denied. We also note that Evans' motion for summary judgment fails to satisfy the standard of Civ.R. 56, including that he cannot raise a new claim on summary judgment not set forth in his complaint.

{¶ 3}   Accordingly, we deny Evans' objections and otherwise adopt the magistrate's decision dismissing Evans' complaint as moot.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 4}   Evans is an inmate at Ross Correctional Institution.  On August 9, 2017, Evans filed a complaint requesting a writ of mandamus to order ODRC to remove a federal "detainer" allegedly placed in Evans' inmate records and to notify him of any other detainers and remove them also.  (Aug. 9, 2017 Compl. at ¶ 1.)  On September 26, 2017, ODRC filed a motion to dismiss because it had taken actions to remove the information from Evans' inmate file, rending his claims moot.  (Sept. 26, 2017 Mot. to Dismiss.)  To substantiate this claim, ODRC attached to its motion an affidavit from a "Correction Records Management Supervisor within the Detainer Section" of ODRC, averring in part as follows:

> 4.  * * *  I reviewed Inmate Evans' ODRC records to determine if a federal detainer was listed and active.
>
> 5.   Finding that a detainer was listed, I contacted a Senior Inspector at the Office of the Protective Intelligence, Judicial Security Division, United States Marshals Service, who stated that Inmate Evans does not have any open threat cases with the United States Marshals Service.
>
> 5.[1]  Based on the review of ODRC records and the information provided by the United States Marshals Service, I removed the detainer from Inmate Evans' ODRC records.

(Cox Aff. at ¶ 4-6, Ex. A to Sept. 26, 2017 Mot. to Dismiss.)

{¶ 5}   Approximately one week later, on October 4, 2017, Evans filed a document captioned "MOTION FOR DECLARATORY JUDGMENT."   (Oct. 4, 2017 Mot. for Declaratory Jgmt.)  Two weeks after that, on October 19, 2017, a magistrate of this Court recommended dismissal of the complaint with costs waived because ODRC's action had rendered the case moot.  (Oct. 19, 2017 Mag. Decision at 4.)

{¶ 6}   Four days later, Evans sought to amend his motion for a declaratory judgment to a request for findings of fact and conclusions of law.  (Oct. 23, 2017 Mot. to Amend.)  This Court denied that motion in a judgment entry noting that the magistrate's

---

[1] There are two paragraphs numbered "5" in the affidavit.

decision already included findings of fact and conclusions of law.  (Oct. 24, 2017 Journal Entry.)

{¶ 7}    Approximately one week after the magistrate's decision was filed, Evans also filed objections in which he argued that the detainer should never have been lodged in the first place, and that a declaratory judgment should have been granted preventing placement of future detainers.  (Oct. 27, 2017 Objs.)  Four days after that, Evans filed a motion for summary judgment in which he requested that the declaratory judgment be granted and that he be awarded "monetary damages as allowable by law."  (Extraneous brackets omitted.) (Oct. 31, 2017 Mot. for Summ. Jgmt.)  ODRC opposed the objections and motions. (Dec. 11, 2017 Resp. in Opp.)  In two separate filings, Evans replied.  (Dec. 18, 2017 Reply; Dec. 20, 2017 Suppl.)

## II. DISCUSSION

{¶ 8}    "In ruling on objections, [we] shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d).

### A. "Motion" for Declaratory Judgment

{¶ 9}    Even if Evans had sought declaratory judgment as part of his complaint in mandamus or separately filed for it, the Ohio Constitution does not grant courts of appeals original jurisdiction in declaratory judgment.  Ohio Constitution, Article IV, Section 03(B)(1)(a) through (f).  The Supreme Court of Ohio has repeatedly stated that "[c]ourts of appeals lack original jurisdiction over claims for declaratory judgment."  *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, ¶ 22; *see also State ex rel. Ministerial Day Care Assn. v. Zelman*, 100 Ohio St.3d 347, 2003-Ohio-6447, ¶ 22; *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 430 (2001).

{¶ 10}  We also note that a "motion" for a declaratory judgment is a nullity.  That is:

> Appellant's request for a declaratory judgment cannot be adjudicated because it was not appropriately initiated. Appellant filed a motion for declaratory judgment, but a "motion" for a declaratory judgment is procedurally incorrect and inadequate to invoke the jurisdiction of the court pursuant to R.C. Chapter 2721. The declaratory judgment statutes contemplate a distinct proceeding that a party generally initiates by filing a complaint, not by including the declaratory judgment request in a motion filed in the middle of already existing litigation, as appellant did. Because neither the Civil

> Rules nor R.C. Chapter 2721 provide for it, the procedure appellant used here is a nullity, and the trial court's decision based upon the nonexistent procedure is reversible error.

(Internal citations omitted.) *In re J.D.F.*, 10th Dist. No. 07AP-922, 2008-Ohio-2793, ¶ 9; *see also, e.g., Galouzis v. Americoat Painting Co.*, 7th Dist. No. 08-MA-196, 2009-Ohio-204, ¶ 17; *Fuller v. German Motor Sales, Inc.*, 51 Ohio App.3d 101, 103-04 (1st Dist.1988).

### B. Mandamus

{¶ 11} "[I]n order for a writ of mandamus to issue the relator must demonstrate (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." (Citations and internal quotation marks omitted.) *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983); *see also, e.g., State ex rel. Kerns v. Simmers*, ____ Ohio St.3d. ____, 2018-Ohio-256, ¶ 5. In Evans' case, once ODRC had done as Evans requested and removed the detainer from his records, Evans had no remaining right to an order granting relief he had already received.

{¶ 12} The Supreme Court has explained that:

> [t]he duty of this court, as of every judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.

(Internal quotation marks omitted.) *State ex rel. Eliza Jennings, Inc. v. Noble*, 49 Ohio St.3d 71, 74 (1990), quoting *Miner v. Witt*, 82 Ohio St. 237, 238-39 (1910); *Mills v. Green*, 159 U.S. 651, 653 (1895). The magistrate was obligated to dismiss the mandamus action as moot.

{¶ 13} In recommending dismissal of the complaint, the magistrate waived costs for Evans because it was ODRC's action that mooted his claim. (Oct. 19, 2017 Mag. Decision at 4.) We agree and expressly adopt that recommendation of the magistrate's decision, waiving costs to Evans.

**C. Motion for Summary Judgment**

{¶ 14} "A party seeking to recover upon a claim * * * may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim." Civ.R. 56(A). Since Evans' action is moot, there is no longer any claim or part of a claim remaining upon which Evans could obtain summary judgment.

{¶ 15} To the extent that Evans' motion may be understood to request damages in light of ODRC's having allowed the detainer to remain in his file at all, it is denied. Evans did not plead damages as part of his original mandamus complaint and he cannot now raise them via a motion for summary judgment. *McGinnis, Inc. v. Lawrence Economic Dev. Corp.*, 4th Dist. No. 02CA33, 2003-Ohio-6552, ¶ 22-23; Civ.R. 56(A). Nor have the parties litigated these issues by express or implied consent. Civ.R. 15(B). We also note that Evans' motion does not identify a factual or legal basis for awarding damages, nor "shows that there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law." Civ.R. 56(C). Evans' motion for summary judgment including any request for damages is denied.

## III. CONCLUSION

{¶ 16} For the reasons set forth in this decision, Evan' objections to the magistrate's decision are overruled, the magistrate's decision appended hereto is adopted in its entirety. In adopting the magistrate's decision, we grant ODRC's motion to dismiss. Costs to relator are waived.

*Objections overruled;*
*motion to dismiss is granted.*

BROWN and KLATT, JJ., concur.

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. William H. Evans, Jr., | : | |
| Relator, | : | |
| v. | : | No. 17AP-571 |
| Gary Mohr, Director, ODRC, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 19, 2017

*William H. Evans, Jr.,* pro se.

*Michael DeWine,* Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 17}        Relator, William H. Evans, Jr., has filed this original action requesting this court issue a writ of mandamus ordering respondent Gary Mohr, as director of the Ohio Department of Rehabilitation and Correction ("ODRC"), to remove a federal detainer which is listed on his ODRC records.

Findings of Fact:

{¶ 18} 1. Relator is an inmate currently incarcerated at Ross Correctional Institution.

{¶ 19} 2. On August 9, 2017, relator filed the instant mandamus action asking this court to order ODRC to remove the federal detainer which was listed in his records and was accessible to the public.

{¶ 20} 3. On September 26, 2017, respondent filed a motion to dismiss on grounds that respondent had removed the detainer from relator's prison records.

{¶ 21} 4. Respondent attached the affidavit of Regina Cox, the Corrections Records Management Supervisor, within the Detainer Section of ODRC. In her affidavit, Cox stated as follows:

> [Three] Inmate William H. Evans (#489-686) is incarcerated for Murder and is serving a sentence of 15 years to Life. His first parole hearing is scheduled for June 2019.
>
> [Four] In response to inquiry made by Assistant Attorney General George Horvath of the Ohio Attorney General's Office, I reviewed Inmate Evans' ODRC records to determine if a federal detainer was listed and active.
>
> [Five] Finding that a detainer was listed, I contacted a Senior Inspector at the Office of the Protective Intelligence, Judicial Security Division, United States Marshals Service, who stated that Inmate Evans does not have any open threat cases with the United States Marshals Service.
>
> [Six] Based on the review of ODRC records and the information provided by the United States Marshals Service, I removed the detainer from Inmate Evans' ODRC records.
>
> [Seven] The documents accompanying this Affidavit are true and accurate copies of documents kept within the normal course of business by the ODRC and show that the detainer has been removed from Inmate William H. Evans' (#489-686) records.

{¶ 22} 5. As indicated in her affidavit, Cox attached evidence that the detainer had, in fact, been cancelled and removed from relator's records. Specifically, Cox included the September 11, 2017 notice that the detainer was cancelled as well as printouts from ODRC's website showing that the detainer was cancelled and that information no longer appears in his records.

{¶ 23} 6. On October 4, 2017, relator filed a document which he entitled motion for declaratory judgment. In that motion, relator asks this court to make findings of fact and

conclusions of law and asks this court to take steps "to protect the records from 'unauthorized modification.' To ensure against someone wrongly and intentionally re-placing this detainer on Evans's records."

{¶ 24} 7. The matter is currently before the magistrate on motion.

Conclusions of Law:

{¶ 25} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's mandamus action.

{¶ 26} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 27} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 28} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 29} Ordinarily, the court only considers content in the pleadings when considering a motion to dismiss. However, a court can take judicial notice of appropriate matters when determining a Civ.R. 12(B)(6) motion without converting that motion to a

motion for summary judgment. *See Pearson v. Columbus,* 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17.

{¶ 30} The magistrate conducted a search of ODRC's offender website and found no indication that the detainer was still present in his records.

{¶ 31} Inasmuch as respondent has performed the act which relator sought to compel by the filing of this mandamus complaint, the matter is moot, and respondent's motion to dismiss should be granted. Further, because respondent performed the act after relator filed his mandamus complaint, the magistrate recommends that the court waive the filing fees associated with this matter.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).